filing

1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   CAROLYN MARTIN

5

FILED
SEP - 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8  CAROLYN MARTIN                    CASE NO. C07-04627
                                     Civil Rights
9      Plaintiff,

10                                   COMPLAINT FOR
       v.                            PRELIMINARY AND
11                                   PERMANENT INJUNCTIVE
   BENZIGER PROPERTIES, LLC;         RELIEF AND DAMAGES:
12 BENZIGER FAMILY WINERY;           DENIAL OF CIVIL RIGHTS AND
   and DOES 1-25, Inclusive,         ACCESS TO PUBLIC FACILITIES
13                                   TO PHYSICALLY DISABLED
                                     PERSONS, (§54, §54.1, §55 CIVIL
14     Defendants.                   CODE; §19955 ff HEALTH &
   _____/   SAFETY CODE); INJUNCTIVE
15                                   RELIEF PER TITLE III,
                                     AMERICANS WITH
16                                   DISABILITIES ACT OF 1990, 42
                                     USC §§12181. et. seq.
17
                                     **DEMAND FOR JURY TRIAL**
18

Complaint for Damages, Injunctive Relief, etc.

Plaintiff CAROLYN MARTIN complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1. Plaintiff Carolyn Martin is a "person with a disability" or "physically handicapped person."[1] Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY:** This case involves the lack of disabled accessible parking, paths of travel, vineyard tram, cave tour, tasting room, retail areas, restrooms, seating, signage, and other facilities to Plaintiff and other disabled persons at the Benziger Family Winery, 1883 London Ranch Road, Glen Ellen, California (hereafter the "Winery"). Plaintiff was denied equal protection of the law and was denied Civil Rights under California law and federal law. Plaintiff was denied her rights to full and equal access at the Winery because it was not, and is not now, a facility properly accessible to physically disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make the Winery and its facilities accessible to disabled persons and to ensure that any disabled person who visits the Winery and its facilities will be provided full and equal access as required by federal and state disabled access laws and regulations. Plaintiff also seeks recovery of damages for her injuries and discriminatory experiences and denial of access, which is continuing as a result of Defendants' failure to provide accessible facilities, and seeks recovery of reasonable statutory

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Complaint for Damages, Injunctive Relief, etc.          -1-

1  attorneys' fees, litigation expenses, and costs.

2  3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*, Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6. **PARTIES:** Defendants are the owners, operators, lessors, and/or lessees of the property and/or buildings located at 1883 London Ranch Road, Glen Ellen, California. This property and buildings are operated and advertised to the public as the "Benziger Family Winery." The property and buildings each are a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of California Civil Code §54, et seq. On information and belief, such buildings and facility have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per §19955-19959, et. seq. Health & Safety Code.

7. The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and

Complaint for Damages, Injunctive Relief, etc.        -2-

happenings herein referred to and caused injury and damages proximately thereby to Plaintiff ; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-25, Inclusive, are and were the owners, operators, lessors, and/or lessees of the subject property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons with mobility disabilities are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of said Health & Safety Code.

10. California Health & Safety Code §§19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants have carried out alterations, structural repairs, or additions to the building during the period Title

Complaint for Damages, Injunctive Relief, etc.                -3-

24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of §4450ff Government Code.

11.  On October 17, 2006 Plaintiff and her care giver arrived at the Winery in Plaintiff's disabled accessible van. The area at the entrance to the Winery did not have proper accessible parking, including only one space designated as accessible and a lack of proper signage.

12.  Despite the lack of proper parking, Plaintiff was able to exit her van, only to encounter numerous paths of travel to various locations on the Winery property which were out of compliance with federal and state disabled access regulations as to slope, surface, and elevation changes and which made it very difficult for Plaintiff to traverse. For example, 1) the slope of the walkway from the parking lot to the Winery exceeds 8:33% in certain areas and lacks handrails in other areas where the slope is between 5% and 8:33%, 2) several areas, such as at the footbridge and the walkway to the tour area, are unsecured gravel, and 3) the pathway to "Bruno's Nymph Garden" has vertical changes in elevation in excess of 1/4". In addition, there were many areas on the property that had no pedestrian path of travel, rendering them inaccessible to Plaintiff, including but not necessarily limited to the Discovery Center and the elevated picnic area.

13.  When Plaintiff was able to gain access to the tour and ticket information booth to purchase tickets for the tram tour, she encountered a service counter that was higher than permitted by law and regulation. Moreover, she was advised by Winery personnel that she could not take the tram tour because there is no means for persons in wheelchairs to gain access to the tram and because there is no seating area on the tram for wheelchairs. As a result, Plaintiff was not able to take the highly publicized tram vineyard tour.

Complaint for Damages, Injunctive Relief, etc.                -4-

14. In addition to being unable to take the tram tour, Plaintiff was not able to gain access to the tasting room and retail area from the front part of the tasting room/retail area because the only means of gaining access is by climbing stairs. In addition, there is no signage at the front entrance indicating the location of any other access to the tasting room/retail area in the rear of the building. Plaintiff was told that there was an accessible entrance to the tasting room in the rear of the building, and proceeded down a path which was was not in compliance with federal and state access regulations to gain entry from the rear. When she arrived at the rear, a person who identified himself as an owner took her to the "cave" and the outside wine making area rather than into the wine tasting/retail buildiing and then escorted her to her van. Had Plaintiff actually gained entrance to the interior of the tasting room/retail area, she would have found that there are no lowered portions of the wine tasting bar for persons with disabilities as required by federal and state access laws and regulations.

15. In addition to the above barriers to access in violation of federal and state disabled access laws and regulations, the Winery is in violation in other particulars as well, including but not limited to the following: the seating area in "Bruno's nymph Garden" does not provide proper accessible wheelchair seating; The play structure and picnic tables near the tram tour starting area are located on an inaccessible surface, and the picnic tables lacks accessible seating; the stops on the tram tour are not accessible; the grates along the tram tour in the fermentation area are not compliant with access regulations; there is a swale at the exterior landing of the entry door to the fermentation cave; the "accessible" parking space at the rear of the building has no accessible route to the rear entrance to the tasting room; the vineyard tour unisex restrooms are not accessible; and the restroom in the tasting room is not accessible. The Winery and its facilities should be brought into compliance with all applicable federal and state disabled access laws and regulations.

Complaint for Damages, Injunctive Relief, etc.                    -5-

16. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

17. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

18. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to require that Defendants remove all barriers to disabled access, to require that Defendants make the Winery and its facilities fully accessible to disabled persons, and to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to that public facility. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Plaintiff, who wishes to return to the Winery, is deterred from returning so as long as such acts and omissions of Defendants continue. Plaintiff intends to return to the Winery once the defendants remove all barriers which deny Plaintiff full and equal access and make the Winery accessible to disabled persons such as Plaintiff as required by federal and state disabled access laws and regulations. The acts of Defendants have

1 proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined.

19. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff suffered a violation of her Civil Rights, including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical injury, discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

20. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur statutory attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees, litigation expenses, and costs, pursuant to the provisions of §§54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure and other law.

21. Wherefore Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff and to require Defendants to comply forthwith with the applicable

Complaint for Damages, Injunctive Relief, etc.                    -7-

statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Plaintiff further requests that the court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

22. Plaintiff repleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ." As of ten (10) years later, the number of "qualified" disabled persons protected by the ADA exceeds fifty (50) million.

24. Congress stated as its purpose in passing the Americans with

Complaint for Damages, Injunctive Relief, etc.                -8-

Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25.    As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Defendants are "private entities" which are considered "public accommodations" for purposes of this title.

26.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27.    Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

<u>§302(b)(2)(A)(v)</u>: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services,

Complaint for Damages, Injunctive Relief, etc.                -9-

facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, and on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA and §19959 California Health and Safety Code.

29. On information and belief, as of the dates of Plaintiff's encounter at the premises and the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled wheelchair users in other respects, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of her disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

30. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and

Complaint for Damages, Injunctive Relief, etc.                -10-

§303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises. Plaintiff also seeks recovery of reasonable attorneys' fees pursuant to section 505 of the ADA.

Wherefore Plaintiff prays for relief as hereinafter stated:

### PRAYER

Plaintiff prays that this Court:

1.   Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each and every barrier to disabled access is removed and so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities accessible to and usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.   Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.   Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the

Complaint for Damages, Injunctive Relief, etc.                -11-

1 | jurisdiction of the Court, all according to proof;

2 |     4.    Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

    5.    Grant such other and further relief as this Court may deem just and proper.

Dated: 9/6/07

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen
Attorney for Plaintiff Carolyn Martin

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 9/6/07

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen
Attorney for Plaintiff
Carolyn Martin

Complaint for Damages, Injunctive Relief, etc.    -12-