CARLE, MACKIE, POWER & ROSS LLP
DAWN M. ROSS (SBN 143028)
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Benziger Properties, LLC,
Benziger Family Winery, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>BENZIGER PROPERTIES, LLC, BENZIGER FAMILY WINERY, LLC and DOES 1 - 25, Inclusive,,<br><br>Defendants. | Case No. C07-04627 BZ<br><br>**ANSWER TO COMPLAINT**<br><br>Magistrate Judge Bernard Zimmerman<br>Courtroom G |

COME NOW Defendants Benziger Properties, LLC and Benziger Family Winery, LLC (hereinafter "Defendants") and in response to Plaintiff's Complaint for Damages (hereinafter "Complaint") hereby answers said Complaint as follows:

1. Defendants are without personal knowledge as to the allegations in Paragraph 1 of the Complaint and, on that basis, deny the allegations.

2. Defendants deny each and every allegation in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit this court has jurisdiction of Plaintiff's Complaint.

4. Defendants admit that venue is proper in this court.

5. Defendants admit that venue is proper in this court.

6. Defendants admit the factual allegations, but not the legal contentions, in paragraph 6.

7. Defendants do not believe DOE defendants are proper in this action. Defendants further deny each and every allegation in paragraph 7 of Plaintiff's complaint.

8. Defendants do not believe DOE defendants are proper in this action. Defendants further deny each and every allegation in paragraph 8 of Plaintiff's complaint.

9. Defendants are without personal knowledge as to the allegations in Paragraph 9 of the Complaint and, on that basis, deny the allegations.

10. Paragraph 10 contains legal allegations which do not require a response and, on that basis, Defendants deny this paragraph.

11. Defendants deny each and every allegation in paragraph 11 of Plaintiff's Complaint.

12. Defendants admit that certain slopes exceed 8:33%, but it is a country property and, given the terrain, correcting the slope is not readily achievable. Defendants also admit that several of the walkways are not paved, but are gravel and/or compacted rock. These walkways are firm, non-slippery, and easily maneuverable for a wheelchair. Defendants' admit that Bruno's Nymph Garden has very short rock/cobblestone pathways that, in places, may exceed ¼". The entire garden can, however, be viewed without using these pathways. Defendants deny each and every remaining allegation in paragraph 12 of Plaintiff's Complaint.

13. Defendants admit that the outside service counter does not have a lowered area; which will be corrected promptly. Defendants admit that the tram buses are not wheelchair accessible. The tram tour can, however, be taken in personal vehicles and, therefore, is handicapped accessible. Defendants deny each and every remaining allegation in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that the handicapped accessible entrance to the tasting room is in the rear of the tasting room. This is, however, a main entrance used by all patrons as part of the tram four. Defendants are in the process of improving signage. The wine tasting bar does have fold down counters at the required height. Defendants deny each and every remaining allegation in paragraph 14 of Plaintiff's Complaint.

///

15. Defendants admit there is a small swale at the entrance to the exterior landing of the entry door to the fermentation cave. It does not, however, impede access. Defendants admit that the restroom in the tasting room is not accessible. It is not, however, a public restroom. The nearby public restrooms are handicap accessible. Defendants deny each and every remaining allegation in paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

17. Paragraph 17 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

18. Defendants deny each and every allegation in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny each and every allegation in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny each and every allegation in paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

22. In response to paragraph 22, Defendants incorporate their responses to paragraphs 1 – 21 of Plaintiff's Complaint, as though fully set forth herein.

23. Paragraph 23 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

24. Paragraph 24 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

25. Paragraph 25 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

26. Paragraph 26 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

///

27. Paragraph 27 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

28. Defendants deny each and every allegation in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny each and every allegation in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny each and every allegation in paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 contains legal contentions which do not require a response and, on that basis, Defendants deny this paragraph.

## FIRST AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's complaint and each claim therein is barred by the applicable statute of limitations (42 U.S.C. section 12101 et. Seq. and Cal. Code of Civ. Proc. §338).

## SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's complaint and each claim therein fails to state facts sufficient to constitute viable causes of action against these answering Defendants.

## THIRD AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

Plaintiff's complaint and each claim therein cannot be maintained to the extent it relies on alleged claims of discrimination which were not made the subject of a timely charge filed with the appropriate administrative agency, or to the extent that Plaintiff has otherwise failed to fulfill the statutory prerequisites to suit set forth in the Americans with Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE
(Not Readily Achievable)

The facilities in question were constructed and/or altered prior to 1992, and the changes in access being sought by Plaintiff are not readily achievable.

///

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff, through the exercise of reasonable effort, could have mitigated her damages, if any, and the resulting damages, if any, were directly and proximately caused by Plaintiff's failure, neglect and refusal to exercise reasonable effort to mitigate her alleged damages.

### SIXTH AFFIRMATIVE DEFENSE
(Good Faith)

Defendants acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal rights possessed by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
(Reservation of All Defenses)

Because Plaintiff's complaint is couched in conclusory terms, these answering Defendants cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, Defendants reserve the right to assert additional defenses, if and to the extent that such defenses are applicable.

WHEREFORE, Defendants request judgment, costs and fees incurred herein, and such other and further relief as the court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury for all claims for which a jury is permitted.

Dated: October 19, 2007

CARLE, MACKIE, POWER & ROSS LLP

*Dawn M. Ross* (signature)

DAWN M. ROSS
Attorney for Defendants
Benziger Properties, LLC and Benziger Family Winery, LLC

CARLE, MACKIE, POWER & ROSS LLP

Case No.: C07-04627

5

Answer to Complaint